CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Assistant United States Attorney
Chief, Civil Division
STUART C. PLUNKETT (CABN 187971)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-6748
Stuart.plunkett@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE REQUEST FOR JUDICIAL ASSISTANCE FROM THIRTY SECOND FAMILY COURT OF MEXICO CITY IN MEXICO CITY, MEXICO IN THE MATTER OF ALFONSO MANUEL GOMEZ BENET V. GEORGINA ZAMUDIO CRUZ | No. 3:26-mc-80295<br><br>**EX PARTE APPLICATION OF THE UNITED STATES OF AMERICA FOR ORDER PURSUANT TO 28 U.S.C. § 1782** |

Pursuant to 28 U.S.C. Section 1782 and a Letter of Request for International Judicial Assistance from the Thirty Second Family Court of Mexico City in Mexico City, Mexico, for information from First Tech Federal Credit Union ("First Tech"), and for the reasons stated in the accompanying Memorandum of Points and Authorities, the United States of America respectfully petitions this Court for an order appointing Assistant United States Attorney Stuart C. Plunkett as Commissioner for the purpose of obtaining information from First Tech and to take such other action as is required to execute the request made by the Mexican Court in connection with a judicial proceeding before the Mexican Court captioned *Alfonso Manuel Gomez Benet v. Georgina Zamudio Cruz*, Ref. No. EUA01699.

The grounds for this Application are more fully set forth in the Memorandum of Points and Authorities and the Declaration of Stuart C. Plunkett, filed simultaneously with this Application. A proposed Order is also submitted for the convenience of the Court.

DATED: September 30, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Stuart C. Plunkett*
STUART C. PLUNKETT
Assistant United States Attorney

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Assistant United States Attorney
Chief, Civil Division
STUART C. PLUNKETT (CABN 187971)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-6748
Stuart.plunkett@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE REQUEST FOR JUDICIAL ASSISTANCE FROM THIRTY SECOND FAMILY COURT OF MEXICO CITY IN MEXICO CITY, MEXICO IN THE MATTER OF ALFONSO MANUEL GOMEZ BENET V. GEORGINA ZAMUDIO CRUZ | No. 3:26-mc-80295<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNITED STATES' EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782** |

The United States of America, by and through counsel, respectfully submits this Memorandum of Points and Authorities in Support of its Ex Parte Application for Order Pursuant to 28 U.S.C. § 1782,[1] to execute a Letter of Request from Thirty Second Family Court of Mexico City in Mexico City, Mexico ("Mexican Court") for international judicial assistance to obtain certain information from First Tech Federal Credit Union ("First Tech"), an entity with its address for legal correspondence in San Jose, California.

## INTRODUCTION

The request for international judicial assistance comes from the Thirty Second Family Court of Mexico City in Mexico City, Mexico ("Mexican Court"). Specifically, the Mexican Court has issued a Letter of Request dated October 29, 2025, requesting judicial assistance to obtain information from First Tech in connection with a civil matter pending in the Mexican Court captioned *Alfonso Manuel Gomez Benet v. Georgina Zamudio Cruz*, Foreign Reference No. EUA01699. (Declaration of Stuart C. Plunkett ("Plunkett Decl.") ¶ 2 & Ex. 1 (Letter of Request).)[2] In order to execute this request for international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782(a). Accordingly, the United States respectfully requests that the Court enter an order appointing Assistant U.S. Attorney Stuart C. Plunkett as Commissioner for purposes of obtaining information from First Tech and to take such other action as is required to execute the request made by the Mexican Court.

## I. FACTUAL BACKGROUND

The facts of this case, as stated in the Letter of Request, indicate that this matter is a civil proceeding filed in the Mexican Court seeking decisions relating to alimony and final custody following the parties' divorce. (Plunkett Decl. Ex. 1 at 7.) Specifically, the court is seeking account information for Mr. Gomez from First Tech for the last five years. This information is sought by the Mexican Court for use in the above-referenced proceeding. (*Id.*)

The Mexican Court's request was transmitted to the U.S. Department of Justice, Civil Division,

[1] Applications pursuant to Section 1782 are customarily made and granted ex parte.

[2] We have omitted the original Spanish documents from the copy of the Letter of Request submitted to this Court as it is difficult for our office to ensure that parties' personal information is adequately protected in these foreign language documents. If the Court determines that it cannot act on this application without these documents, the United States can provide them under seal upon request.

Office of Foreign Litigation, Office of International Judicial Assistance in Washington, D.C., pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 ("Hague Evidence Convention"). (Plunkett Decl. ¶ 2.) The request was then forwarded to the Office of the United States Attorney for the Northern District of California for execution in accordance with 28 C.F.R. § 0.49(c). *Id*.

## II. ARGUMENT

### A. Legal Framework

#### 1. The Hague Evidence Convention

The Hague Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." Hague Evidence Convention pmbl. The Hague Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). The Hague Evidence Convention is in force in both the United States and Mexico. *See* Hague Conference on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-table/acceptances/?mid=508 (last visited June 10, 2026) (the Hague Evidence Convention entered into force between the United States and Mexico on July 24, 1989).

When executing a Letter of Request, the Hague Evidence Convention requires a Requested Authority to "apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings." Hague Evidence Convention, art. 10. Furthermore, Article 9 of the Hague Evidence Convention provides in relevant part that "the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed," and that "[a] Letter of Request shall be executed expeditiously." *Id*. art. 9.

Under Article VI of the United States Constitution, treaties, such as the Hague Evidence

Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. *See Whitney v. Robertson*, 124 U.S. 190, 194 (1888) ("By the constitution, a treaty is placed on the same footing, and made of like obligation, with an act of legislation."); *see also Reid v. Covert*, 354 U.S. 1, 18 (2000) (acknowledging that the Supreme Court "has also repeatedly taken the position that an Act of Congress, which must comply with the Constitution, is on a full parity with a treaty").

**2. 28 U.S.C. § 1782**

The authority for this Court to assist foreign tribunals in obtaining testimony is contained in 28 U.S.C. § 1782. Section 1782 authorizes a district court to order a person who "resides or is found" in that district to produce testimonial, documentary, or physical evidence "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). The statute permits a court to direct that the evidence "be produced before a person appointed by the court," who would be empowered to "administer any necessary oath and take the testimony or statement." *Id.* In addition, a § 1782 order "may prescribe the practice and procedure" for producing the document, including the practice and procedure of the requesting tribunal. *Id.* "To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure." *Id.*

Section 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See*, *e.g.*, *In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153–54 (11th Cir. 1988) (discussing several historical instances in which Congress has broadened § 1782, each time increasing the statute's ability to provide international judicial assistance), *abrogated on other grounds by Intel*, 542 U.S. 241; *In re Request for Judicial Assistance from Obolonskyi Dist. Ct. in Kyiv, Ukraine*, No. 20-mc-80023-JSC, 2020 WL 571032, at *2 (N.D. Cal. Feb. 5, 2020) ("[T]he twin aims of Section 1782 [are] providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts.") (internal brackets omitted).

District courts have routinely appointed Department of Justice Attorneys to act as Section 1782

commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts. *See, e.g.*, *In re Clerici*, 481 F.3d 1324, 1327 (11th Cir. 2007) (affirming a district court's appointment of an Assistant United States Attorney to obtain sworn answers to questions posed in letters rogatory); *In re Request for Int'l Judicial Assistance from Nat'l Ct. Admin. of the Republic of Korea*, No. 15-mc-80069-LB, 2015 WL 1064790, at *2 (N.D. Cal. Mar. 11, 2015) (appointing AUSA as commissioner to obtain information).

Section 1782 applications are commonly submitted and granted ex parte. *See In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte."). Orders issued pursuant to Section 1782 applications—and the order requested here—typically provide only "'that discovery is "authorized," and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application ex parte.'" *In re Med. Corp. Seishinkai*, No. 24-mc-80022-BLF, 2024 WL 477531, at *2 (N.D. Cal. Feb. 7, 2024) (quoting *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016)). Accordingly, "it is neither uncommon nor improper for district courts to grant applications made pursuant to Section 1782 ex parte." *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012); *see Letters Rogatory from Tokyo Dist.*, 539 F.2d at 1219 (respondents can "raise[] objections and exercise[] their due process rights by motions to quash the subpoenas"); *accord*, *e.g.*, *In re Request from Obolonskyi Dist. Ct.*, 2020 WL 571032, at *2 ("[T]he instant ex parte application is an acceptable method of requested discovery under Section 1782.") (citing *Letters Rogatory from Tokyo Dist.*, 539 F.2d at 1219); *In re Request for Int'l Judicial Assistance from Nat'l Ct. Admin. of the Republic of Korea*, No. No. 15-mc-80069-LB, 2015 WL 1064790, at *2 (N.D. Cal. Mar. 11, 2015) (same); *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) ("It is common for parties to file ex parte applications, as parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.") (internal quotation marks omitted).[3]

---

[3] While these applications are generally filed ex parte, they do not need to be filed under seal. *See, e.g.*, *In re Mut. Assistance of Local Ct. of Wetzlar, Germany*, No. 17-mc-00078, 2018 WL 306678,

### B. This Court Should Appoint a Commissioner to Subpoena Information From First Tech as Requested by the Mexican Court

#### 1. This Application Satisfies the Statutory Requirements of Section 1782

This Court is authorized to provide assistance to the Mexican Court if the three requirements set forth in Section 1782 are met. Those requirements are: (1) the person or document for which discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." 28 U.S.C. § 1782(a); *accord In re Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery,* 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004); *see also Intel*, 542 U.S. at 248–49 (providing a brief history of Section 1782 and federal court aid to foreign tribunals).

Each of these threshold statutory requirements is easily met here. First, First Tech "resides or is found in" the Northern District of California because its address for legal correspondence is located in San Jose, California.[4] *See* https://www.firsttechfed.com/help/contact (last visited June 10, 2026) (First Tech's mailing address for legal correspondence in San Jose, California).[5] Second, the Letter of Request demonstrates that the information is for use in a proceeding to determine the amount of alimony owed and the custody arrangements following the parties' divorce pending in a foreign tribunal. (Plunkett Decl. Ex. 1 at 7.) Third, the Letter of Request itself also reflects that it "is made by a foreign or international tribunal," namely the Mexican Court. (*Id.*) Accordingly, the request comes well within those circumstances contemplated by Congress in authorizing federal courts to act in these matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *Letters Rogatory from the Tokyo Dist.*, 539 F.2d at 1219.

---

at *3 (E.D. Cal. Jan. 5, 2018).

[4] When executing requests for financial records, the Office of International Judicial Assistance's policies and procedures require that the request be executed in the district where the subpoena processing center is located for the particular financial institution. In this particular instance, First Tech provides an address for legal correspondence as opposed to a "subpoena processing center."

[5] The United States requests that the Court take judicial notice of the location of First Tech's address for legal correspondence. Fed. R. Evid. 201(b)(2).

### 2. Discretionary Considerations Weigh in Favor of Granting the United States' Application

Although "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so," *Intel*, 542 U.S. at 264, Section 1782 "grants district courts wide discretion to determine whether to grant discovery and equally wide discretion to tailor such discovery to avoid attendant problems." *In re Esses*, 101 F.3d 873, 876 (2d. Cir. 1996). The Supreme Court has identified four factors that a court may consider in exercising its wide discretion to grant a § 1782(a) request: (1) whether the person from whom the discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, character of the proceedings, and the receptivity of the foreign tribunal to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Intel*, 542 U.S. 264–65.

"In exercising its discretion under § 1782, the district court should be guided by the statute's twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Al Fayed*, 210 F.3d at 424 (quoting *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992)); *see also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."); *In re Request from Republic of Korea*, 2015 WL 1064790, at *2. Here, each of these discretionary factors weighs in favor of assisting the Mexican Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech Republic*, 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) ("*In re Svitavy*"); *see also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."); *Palantir Techs., Inc. v. Abramowitz*, 415

F. Supp. 3d 907, 912-13 (N.D. Cal. 2019) (finding that the first factor weighed in favor of granting the § 1782 application because the requesting German court was unable to compel the production of documents and testimony from a party residing or located outside Germany without U.S. court assistance). First Tech is not a party to the proceedings and appears to be outside of the jurisdictional reach of the Mexican Court's jurisdiction because it is located in San Jose, California, and the Mexican Court has formally requested assistance pursuant to the Hague Evidence Convention; thus, the first factor weighs in favor of granting the motion. *See In re Request from Obolonskyi Dist. Ct.*, 2020 WL 571032, at *3 (fact that "[requested party] is not a party to the [foreign] action, and therefore discovery regarding its records is unattainable absent Section 1782(a) aid" weighs in favor of authorizing discovery).

With respect to the second factor, there is nothing in the Letter of Request to suggest that this Court should decline to grant the Application based on the nature of the Mexican Court or the character of the proceedings. Additionally, this request was initiated by the Mexican Court and not by an independent party; therefore, the Mexican Court is clearly receptive to the assistance of this Court and the second factor weighs in favor of granting the motion. *See id.* (fact that "the [foreign] Court has requested assistance in obtaining this discovery" weighs in favor of authorizing discovery); *In re Svitavy*, 748 F. Supp. 2d at 527. While the records and information sought by the Mexican Court are held by a United States financial institution, the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401-23, does not apply to this request under § 1782. *See Young v. U.S. Dept. of Justice*, 882 F.2d 633, 638-39 (2d Cir. 1989) (finding RFPA did not apply to Department of Justice attorney who was acting in capacity as a commissioner under § 1782); *In re Letter of Request for Judicial Assistance from Tribunal Civil de Port-Au-Prince*, 669 F. Supp. 403, 407 (S.D. Fla. 1987) (finding RFPA inapplicable to request pursuant to 28 U.S.C. § 1782).

With respect to the third factor, because the requester is the Mexican Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Mexico's discovery rules or to thwart policies of either the United States or Mexico. *See In re Request from Obolonskyi Dist. Ct.*, 2020 WL 571032, at *3 (where the foreign court itself has requested assistance, "[t]here is nothing to suggest that the request here is an attempt to circumvent proof-gathering restrictions or other policies

of a foreign country or the United States") (internal quotation marks omitted); *In re Svitavy*, 748 F. Supp. 2d at 529.

And with respect to the fourth factor, the request is narrowly tailored—seeking account records from an identified account during a discrete time period—and therefore would not be unduly intrusive or burdensome. *See, e.g.*, *Google*, 690 F. Supp. 3d at 1023 (finding proposed subpoena to Google for information about a user, including the "name, gender, phone number, and date of birth, for the individual(s) who used a specific Google email account during a specific date range," was "not overbroad, unduly intrusive, or burdensome"). In addition, to the extent that the Court's order provides otherwise, the Federal Rules of Civil Procedure governing third-party discovery do not apply to a Commissioner subpoena. 28 U.S.C. § 1782(a). However, First Tech may mitigate any potential burden by seeking relief through an appropriate motion with the Court. *Letters Rogatory from Tokyo Dist.*, 539 F.2d at 1219. Similarly, the proposed Order permits First Tech to provide notice of the subpoena to the relevant user(s) and afford them the opportunity to file a motion to quash in this action.

In summary, the statutory requirements are met, and consideration of the four discretionary factors set forth by the Supreme Court in *Intel* favors authorizing judicial assistance to the Mexican court. Therefore, the United States asks this Court to honor this request for assistance.

## CONCLUSION

Attached as Exhibit 2 to the Declaration of Stuart C. Plunkett is the proposed subpoena that this office intends to serve (in substantially similar format) on First Tech should the Court grant the Application pursuant to 28 U.S.C. § 1782(a). (*See* Plunkett Decl. ¶ 3 & Ex. 2.) We respectfully request that the Court order First Tech to produce the requested evidence directly to the Office of the United States Attorney for the Northern District of California. Upon receipt, the evidence will be sent to the Department of Justice, Civil Division, Office of International Judicial Assistance for transmission to the Thirty Second Family Court of Mexico City in Mexico City, Mexico. *See* 28 U.S.C. § 1782(a) ("The order may prescribe the practice and procedure . . . for . . . producing the document").

For the foregoing reasons, the United States respectfully requests this Court to issue an Order, in the form attached to the Application, appointing Assistant United States Attorney Stuart C. Plunkett Commissioner for the purpose of issuing a subpoena to execute the request for international judicial

assistance.

DATED: September 30, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Stuart C. Plunkett*
STUART C. PLUNKETT
Assistant United States Attorney